**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**
**CIVIL ACTION NO.  3:20-CV-00831-RGJ-CHL**

**SHARLENE GERRON,**                                                                                                  **Plaintiff,**

**v.**

**COMMISSIONER OF SOCIAL SECURITY,**                                                          **Defendant.**

**REPORT AND RECOMMENDATION**

Before the Court is the Complaint (DN 1) of Plaintiff Sharlene Gerron ("Gerron"), seeking judicial review of the final decision of the Commissioner of Social Security (the "Commissioner"). *See* 42 U.S.C. § 405(g).  On June 22, 2021, Gerron filed her fact and law summary, (DN 16), and in response, the Commissioner filed her fact and law summary on September 22, 2022.  (DN 21.)  This case was referred to the undersigned Magistrate Judge to prepare a report and recommendation.  (DN 15.)  This matter is ripe for review.

**I.     FINDINGS OF FACT**

Gerron, on behalf of her minor child ("JGH"), filed an application for Supplemental Security Income on December 22, 2009, alleging that JGH was disabled as of his date of birth in 2008.  (DN 14, at PageID # 116, 259.)  On April 7, 2010, JGH was found to be disabled as of September 1, 2009 due to asthma.  (*Id.* at 116).  In June 2013, a review of JGH's medical records was conducted, and it was found that his condition had improved and no longer caused severe or marked functional limitations.  (*Id.* at 117, 134–35.)  In light of these findings, on June 27, 2013, Gerron was notified that JGH was not longer considered disabled and that his disability payments would discontinue in August 2013.  (*Id.* at 135.)  Gerron appealed the decision, and on February 12, 2014, a hearing was held before Disability Hearing Officer J. Skinner.  (*Id.* at 144, 146.)  In a

decision dated March 16, 2014, Officer Skinner found that JGH's condition had not improved since the April 7, 2010 determination, and therefore determined that disability benefits would continue. (*Id.* at 148–52.) In October 2017, another review of JGH's medical records was conducted, and it was found that his conditioned had improved and no longer caused severe or marked functional limitation. (*Id.* at 119–29.) In light of these findings, on October 24, 2017, Gerron was notified that JGH was not longer considered disabled and that his disability payments would discontinue in December 2017. (*Id.* at 161–62.) Gerron appealed the decision, and on June 28, 2018, a hearing was held before Disability Hearing Officer Alan Emberton. (*Id.* at 170, 174.) In a decision dated July 6, 2018, Officer Emberton found that JGH's condition had improved and it no longer caused severe or marked functional limitations. (*Id.* at 191.) Officer Emberton therefore determined that JGH was no longer disabled as of October 1, 2017 and that his benefits would discontinue. (*Id.* at 192.) Gerron timely requested a hearing before an Administrative Law Judge ("ALJ"), and on November 4, 2019, a hearing was held before ALJ D. Lyndell Picket. (*Id.* at 99–112, 203.) During the hearing, the ALJ heard testimony from Gerron and JGH who were not assisted by counsel. (*Id.* at 99–112.)

In a decision dated December 19, 2019, the ALJ engaged in the three-step evaluation process promulgated by the Commissioner to determine whether a child continues to be disabled, and, in doing so, made the following findings:

1. The most recent favorable medical decision finding that the claimant continued to be disabled is the determination dated March 12, 2014. This is known as the "comparison point decision" or CPD.

2. At the time of the CPD, the claimant had the following medically determinable impairments: asthma/allergies, flat feet, and obesity. These impairments were found to meet section 103.03 of 20 CFR Part 404, Subpart P, Appendix 1.

3. Medical improvement occurred as of October 1, 2017 (20 CFR 416.994a(c)).

4. Since October 1, 2017, the impairments that the claimant had at the time of the CPD have not met or medically equaled section 103.03B, of 20 CFR Part 404, Subpart P, Appendix 1 as that listing was written at the time of the CPD (20 CFR 416.925 and 416.926).

5. The claimant was born on May 15, 2008. Therefore, he was a school-age child, as of October 1, 2017. The claimant is currently a school-age child (20 CFR 416.926a(g)(2)).

6. Since October 1, 2017, the impairments that the claimant had at the time of the CPD have not functionally equaled the Listings of Impairments (20 CFR 416.994a(b)(2) and 419.926a and SSR 05-03p).

7. The medical and other evidence establish that the claimant: [] did not have an impairment at the CPD that was not considered at that time; and [] has not developed any additional impairments subsequent to the CPD.

8. Since October 1, 2017, the claimant has not had an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.925 and 416.926).

9. Since October 1, 2017, the claimant has not had an impairment or combination of impairments that functionally equals the listings (20 CFR 416.924(d) and 416.926a).

10. The claimant's disability ended as of October 1, 2017, and the claimant has not become disabled again since that date (20 CFR 416.994a).

(*Id.* at 75–87.)

Gerron requested review of the ALJ's decision by the Appeals Council, (*id.* at 258), and on November 4, 2020, the Appeals Council denied the request, at which point the ALJ's decision became the final decision of the Commissioner. (*Id.* at 67.) On December 14, 2020, Gerron timely filed this action. (DN 1.)

## II. CONCLUSIONS OF LAW

### A. Standard of Review

The Court may review the final decision of the Commissioner, but that review is limited to whether the Commissioner's findings are supported by "substantial evidence" and whether the Commissioner applied the correct legal standards. 42 U.S.C. § 405(g); *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997). "Substantial evidence" means "more than a mere scintilla"; it means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). The Court must "affirm the Commissioner's decision if it is based on substantial evidence, even if substantial evidence would also have supported the opposite conclusion." *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 374 (6th Cir. 2013); *see Smith v. Sec'y of Health & Human Servs.*, 893 F.2d 106, 108 (6th Cir. 1989) (holding that if the Court determines the ALJ's decision is supported by substantial evidence, the court "may not even inquire whether the record could support a decision the other way"). However, "failure to follow agency rules and regulations" constitutes lack of substantial evidence, even where the Commissioner's findings can otherwise be justified by evidence in the record. *Cole v. Astrue*, 661 F.3d 931, 937 (6th Cir. 2011)

### B. The Sequential Evaluation Process

The Commissioner has promulgated regulations setting forth a three-step sequential evaluation process for evaluating a child's claim of disability. 20 C.F.R. § 416.924 (2006). In summary, the evaluation proceeds as follows:

(1) Is the child engaged in substantial gainful activity?

(2) Does the child have a severe impairment?

4

> (3) Does the child have an impairment that satisfies the duration requirement and meets, medically equals, or functionally equals the criteria of a listed impairment within Appendix I?

*Id*.

To meet a listing within Appendix 1 the child claimant must demonstrate both the diagnostic and the severity or "B" criteria are satisfied. 20 C.F.R. § 416.925(d) (2006). To medically equal a listing there must be medical findings supported by medically acceptable clinical and laboratory diagnostic techniques that demonstrate the impairment is at least equal in severity and duration to the listed finding. 20 C.F.R. § 416.926(a)–(b) (2006). The ALJ will consider the medical opinions of the State agency medical advisors in deciding medical equivalence. 20 C.F.R. § 416.926(c).

If the impairment does not meet or medically equal any listing in Appendix 1, the ALJ will determine whether it results in limitations severe enough to functionally equal the listings in Appendix 1. 20 C.F.R. § 416.926a(a) (2007). In making this determination, the ALJ will consider the degree of limitation caused by the impairment in six broad areas of functioning called domains. 20 C.F.R. § 416.926a(b)(1). The six domains are (i) acquiring and using information; (ii) attending and completing tasks; (iii) interacting and relating with others; (iv) moving about and manipulating objects; (v) caring for yourself; and (vi) health and physical well-being. 20 C.F.R. §§ 416.926a(b)(1)(i)-(vi). If an impairment results in "marked" limitations in two of the six domains or results in an "extreme" limitation in one of the six domains, then it is severe enough to functionally equal the listings. 20 C.F.R. § 416.926a(a). A "marked" limitation results if the child's impairment(s) interferes "seriously" with the child's ability to independently initiate, sustain, or complete activities. 20 C.F.R. § 416.926a(e)(2)(i). An "extreme" limitation exists

when a child's impairment(s) interferes "very seriously" with the child's ability to independently initiate, sustain, or complete activities. 20 C.F.R. § 416.926a(e)(3)(i).

### C. Gerron's Fact and Law Summary

In her *pro se* fact and law summary, Gerron does not challenge any of the ALJ's specific findings, reference any portion of the administrative record, nor provide any textual argumentation to support reversing the ALJ's decision. Instead, Gerron attached to her fact and law summary cover page a twenty-page document that appears to be records of JGH's treatment at Norton Children's Hospital from May 2021. (DN 16-1.) To the extent that Gerron believes that these records undermine the ALJ's findings, the undersigned may not consider them in his substantive review because they are not a part of the administrative record. *See Salyer v. Comm'r of Soc. Sec.*, 574 F. App'x 595, 597 (6th Cir. 2014) (when considering the denial of a claimant's application for disability insurance benefits, the court normally may only review the administrative record presented to the ALJ); *Miller v. Comm'r of Soc. Sec.*, 811 F.3d 825, 839 (6th Cir. 2016) ("When a court undertakes review of agency action, consideration of evidence outside the administrative record is proper under some circumstances, *e.g.*, for background information . . . or for the limited purposes of ascertaining whether the agency considered all the relevant factors or fully explicated its course of conduct or grounds of decision.") (citations and internal quotation marks omitted). However, as the Commissioner notes in her fact and law summary, the Court may consider new evidence to determine if remand is warranted under sentence six of 42 U.S.C. § 405(g). (*See* DN 21, at PageID # 505 n.2.)

Sentence six states that the Court "may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the

6

record in a prior proceeding." 42 U.S.C. § 405(g). In considering a remand under sentence six, the Court does not address the correctness of the administrative decision. *Melkonyan v. Sullivan*, 501 U.S. 89, 98 (1991); *Hollon ex rel. Hollon v. Comm'r of Soc. Sec.*, 447 F.3d 477, 483 (6th Cir. 2006). Rather, the court remands because new evidence has come to light that was not available to the claimant at the time of the administrative proceeding and the new evidence might have changed the outcome of the prior proceeding. *Melkonyan*, 501 U.S. at 98. The party seeking this type of remand has the burden of demonstrating that there is "new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding[.]" 42 U.S.C. § 405(g); *see also*, *Cline v. Comm'r of Soc. Sec.*, 96 F.3d 146, 148 (6th Cir. 1996); *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 174-175 (6th Cir. 1994).

The Supreme Court has explained that evidence is "new" only if it was "not in existence or available to the claimant at the time of the administrative proceeding . . . ." *Sullivan v. Finkelstein*, 496 U.S. 617, 626 (1990). *See Ferguson v. Comm'r of Soc. Sec.*, 628 F.3d 269, 276 (6th Cir. 2010); *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001). Thus, the issue is whether the medical records existed or were available to Gerron before the Commissioner reached a final decision. The medical records filed with Gerron's fact and law summary indicate that JGH had been diagnosed with sleep apnea and that he was scheduled for either an adenoidectomy or a tonsillectomy on May 18, 2021. (DN 16-1, at PageID # 463, 465–66, 477.) The records further show that he presented for a post-operative follow-up appointment on May 25, 2021 at which time he reported throat pain, and he was subsequently diagnosed with "[o]ther postoperative complication of the subcutaneous tissue." (*Id.* at 477, 481.) The Commissioner does not dispute that the records Gerron provides constitute "new" evidence for sentence six purposes. To the extent that the records concern treatment that JGH received after the ALJ issued the decision and

7

after she filed the instant action, the undersigned finds that they do in fact constitute "new" evidence. However, the undersigned is unable to determine whether JGH's sleep apnea diagnosis constitutes "new" evidence. During the November 4, 2020 hearing, Gerron mentioned an upcoming appointment regarding "sleep apnea regarding the snoring and stuff he does." (DN 14, at PageID # 111.) The ALJ responded, "So has he been diagnosed with sleep apnea?" (*Id.*) Gerron answered that he hadn't but would be tested for the condition on November 11, 2019. (*Id.*) In her request for review of the ALJ's decision by the Appeals counsel, Gerron stated, "They are still running tests. They are testing for sleep apnea." (*Id.* at 258.) Accordingly, she requested an extension of time to submit additional evidence or argument. (*Id.*) In a correspondence dated January 25, 2020, the Appeals Counsel granted the extension and suspended any action on her request for a review for twenty-five days. (*Id.* at 113.) Gerron did not subsequently provide supplemental records, and it is not clear that that evidence of JGH's sleep apnea diagnosis was not available before the appeals counsel denied her request for review on November 4, 2020. Because it was Gerron's burden to establish that this was the case, the undersigned finds that JGH's sleep apnea diagnosis is not "new" information for sentence six purposes.[1]

The next issue is whether the May 2021 treatment at Norton Children's Hospital is material to the ALJ's decision. The Commissioner argues that the treatment referenced in the new medical records "occurred after the date of the ALJ's December 19, 2019 decision and therefore is not

---

[1] The undersigned recognizes that the ALJ has a heightened duty to develop the record when a claimant is proceeding *pro se*. However, "[t]hat [a] plaintiff may have fared better with retained counsel does not make evidence 'unavailable' as to him." *Glasco v. Comm'r of Soc. Sec.*, 645 F. App'x 432, 436 (6th Cir. 2016). Gerron was advised of her right to representation and waived it. (DN 14, at PageID # 94.) Even after Gerron executed a written waiver, the ALJ provided comprehensive information about seeking counsel and offered to postpone the hearing to allow her an opportunity to retain counsel, and Gerron accepted the offer. (*Id.* at 95–96.) Additionally, it is clear from the record that Gerron "understood the significance of obtaining medical records . . . ." *Glasco*, 645 F. App'x at 436. Regardless, any argument that the ALJ failed to develop the record is waived. *See United States v. Layne*, 192 F.3d 556, 566 (6th Cir.1999) (quoting *McPherson v. Kelsey*, 125 F.3d 989, 995 96 (6th Cir.1997)); *see also Brindley v. McCullen*, 61 F.3d 507, 509 (6th Cir.1995) (observing that "[w]e consider issues not fully developed and argued to be waived"); *Rice v. Comm'r of Soc. Sec.*, 2006 WL 463859, at *2 (6th Cir. 2006) (unpublished opinion).

material to the period considered by the ALJ." (DN 21, at PageID # 505 n.2.) Evidence is considered material if there is "a reasonable probability that the Commissioner would have reached a different disposition of the disability claim if presented with the new evidence." *Ferguson*, 628 F.3d at 276; *Sizemore v. Sec'y of Health & Human Servs.*, 865 F.2d 709, 711 (6th Cir. 1988). Here, Gerron has not provided any explanation of how the May 2021 treatment records would probably have led the ALJ to reach a different determination. The undersigned has carefully reviewed the record, and finds no basis to conclude that the May 2021 treatment records disprove medical improvement between October 1, 2017 and December 19, 2020 or establish that JGH's impairments met or functionally equaled the Listing for asthma or that he developed an additional severe impairment during that period. Therefore, the undersigned finds that the new evidence is not material and therefore is not a basis for sentence six remand. Additionally, based on undersigned's review of the record, the undersigned finds that the ALJ's decision is supported by substantial evidence.

### III. RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that the final decision of the Commissioner be **AFFIRMED** and that judgment be **GRANTED** in favor of the Commissioner.

Colin H Lindsay, Magistrate Judge
United States District Court

April 6, 2022
cc: Counsel of record

### Notice

Pursuant to 28 U.S.C. § 636(b)(1)(B)-(C), the undersigned Magistrate Judge hereby files with the Court the instant findings and recommendations. A copy shall forthwith be electronically transmitted or mailed to all parties. 28 U.S.C. § 636(b)(1)(C). Within fourteen (14) days after being served, a party may serve and file specific written objections to these findings and recommendations. Fed. R. Civ. P. 72(b)(2). Failure to file and serve objections to these findings and recommendations constitutes a waiver of a party's right to appeal. *Id.; United States v. Walters,* 638 F.2d 947, 949-50 (6th Cir. 1981); *see also Thomas v. Arn,* 474 U.S. 140 (1985).